AO 91 (Rev. 11/11) Criminal Complaint

FILED BY __KS__ D.C.
Nov 16, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

FILED
NOV 12 2021
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| United States of America | ) | |
|---|---|---|
| v. | ) | **UNDER SEAL** |
| | ) | Case No. 4:21mj 111 |
| PEDRO SALINA | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 2, 2021 in the Eastern District of Virginia, the defendant(s) violated:

| Code Section(s) | Offense Description(s) |
|---|---|
| 46 U.S.C. § 70503 | Manufacture, Distribution, or Possession of more than 5 kilograms of Cocaine on a Vessel |

This criminal complaint is based on these facts: Please see attached Affidavit.

☒ Continued on the attached sheet.

READ AND APPROVED:

_/s/_
Eric M. Hurt,
Assistant United States Attorney

_Complainant's signature_

Brad Smith, Special Agent, DEA
_Printed name and title_

Sworn to before me and signed in my presence.

Date: November 12, 2021

_Judge's signature_

City and state: Norfolk, Virginia

Robert J. Krask, United States Magistrate Judge
_Printed name and title_

A TRUE COPY, TESTE
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT/ARREST WARRANT

I, Brad Smith, Special Agent, Drug Enforcement Administration (DEA), Hampton, Virginia, being duly sworn, state the following:

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA), where I have worked since November 2003. Before joining the DEA, I was a police officer for seven years in Hampton, Virginia, spending three of those years assigned to a narcotics investigation unit and two years as a Task Force Agent assigned to the Bureau of Alcohol, Tobacco and Firearms (ATF). With DEA I was assigned to the DEA Miami Field Division until October 2016 when I transferred to the Washington Field Division and am currently assigned to the Hampton Post of Duty. I have received specialized training regarding the detection and investigation of drug trafficking organizations while with the police department and the DEA. I have also acquired knowledge regarding these subject areas through practical experience by participating in narcotics investigations during my work with the police department and DEA.

2. I have probable cause to believe that Carlos GUERRA, Anthony FERNANDEZ, Wuarvi VASQUEZ, Julio GUTIERREZ, Pedro SALINA, Carlos MARVAL, Leonaldo TORRES, Daimel MENDOZA, Adolfo LOPEZ and Mario NATERA have committed the following offense in violation of federal law: Manufacture, Distribution, or Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503). Your affiant is aware these crimes may be prosecuted in any district of the United States. (46 U.S.C. § 70504).

## PROBABLE CAUSE IN SUPPORT OF ARREST WARRANT

1. Since November 2018, the DEA Hampton Post of Duty, in partnership with Homeland Security Investigations Norfolk and DEA Bogota, have been investigating maritime

smuggling operations based on the Pacific coast of Colombia as well as throughout the Caribbean. Your affiant is aware that drug trafficking organizations will utilize vessels such as Go-Fast Vessels, hereafter referred to as GFV, and commercial fishing vessels, hereafter referred to as FV, to transport multi-hundred kilogram shipments of narcotics from source countries to awaiting transfer vessels or other destinations with final distribution being the United States of America.

2. On November 1, 2021, a Marine Patrol Aircraft detected a target of interest, later identified as the Venezuelan flagged FV Marin Ysubel, approximately 125NM SW of Isla de Aves, Venezuela. The Marine Patrol Aircraft also observed the FV towing a GFV. On November 2, 2021, the United States Coast Guard Cutter RAYMOND EVANS arrived in the area and located the FV in international waters.

3. Overnight starting on November 2, 2021, United States Coast Guard personnel from the Cutter RAYMOND EVANS observed people or equipment transferring packages from the GFV to the FV. Upon observing the presence of the United States Coast Guard, the GFV departed the area severing the towline from the FV. As the GFV fled at a high rate of speed the crew members jettisoned packages overboard. The jettisoned packages, totaling approximately 1,410 kilograms of a substance that tested positive for detectable amount of cocaine, were recovered but the GFV and its crew eluded capture.

4. The recognized government of Venezuela acknowledged registration of the FV Marin Ysubel and the Coast Guard Cutter RAYMOND EVANS conducted Right of Approach questioning with the FV Marin Ysubel and its crew of two Dominican nationals, identified as Carlos GUERRA and Anthony FERNANDEZ and eight Venezuelan nationals identified as Wuarvi VASQUEZ, Julio GUTIERREZ, Pedro SALINA, Carlos MARVAL,

Leonaldo TORRES, Daimel MENDOZA, Adolfo LOPEZ and Mario NATERA. A Statement of No Objection under provisions of the Venezuelan DIPNOTE, dated 08 APR 2021 was issued. United States Coast Guard personnel boarded the FV Marin Ysubel and conducted multiple ion scans that were positive for cocaine in and around the area of the engine room as well as the hands of GUITIERREZ, SALINA, MARVAL, MENDOZA and LOPEZ.

5. The FV Marin Ysubel is described as 36 foot long white hulled commercial fishing vessel with an open deck and enclosed engine room with crew quarters. United States Coast Guard personnel stated that the fishing equipment on board the FV Marin Ysubel appeared to be new or only slightly used, no bait fish were found on board and that, despite having been out for two days, there was no catch on board. The crew stated that they were returning to Venezuela the next day, or possibly the following day, asserting that a commercial fishing vessel would plan to return to homeport with no marketable catch therefore losing money for the ten-man crew.

WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge Carlos GUERRA, Anthony FERNANDEZ, Wuarvi VASQUEZ, Julio GUTIERREZ, Pedro SALINA, Carlos MARVAL, Leonaldo TORRES, Daimel MENDOZA, Adolfo LOPEZ and Mario NATERA with Manufacture, Distribution, or Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503).

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Brad Smith, Special Agent
Drug Enforcement Administration

Reviewed by:

_____
Eric M. Hurt
Assistant United States Attorney

Sworn and subscribed to
before me
On this 12th day of November 2021

_____
Robert J. Krask
United States Magistrate Judge
Norfolk, Virginia